IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DWIGHT FRANKLIN SWEET, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0004-TCK-JFJ |
| | ) | |
| CASEY HAMILTON,[1] | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION AND ORDER

Petitioner Dwight Franklin Sweet, an Oklahoma prisoner appearing *pro se*,[2] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, claiming he is illegally detained, under the judgment entered against him in the District Court of Tulsa County, Case No. CF-2017-991. Sweet specifically relies on the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), to allege that the State of Oklahoma lacked jurisdiction to prosecute him because he is a "descendant of Cherokee and Freedmen" and he committed his crimes of conviction within

---

[1] Sweet presently is incarcerated at the Jess Dunn Correctional Center (JDCC) in Taft, Oklahoma. Dkt. 12 at 1. The Court therefore substitutes the JDCC's warden, Casey Hamilton, in place of Scott Nunn as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

[2] Because Sweet appears without counsel, the Court liberally construes his filings, but the Court does so without advocating on his behalf by crafting arguments that cannot be found in those filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the boundaries of the Muscogee (Creek) Nation Reservation. Dkt. 1, Pet. 1, 5-9.[3] Respondent Casey Hamilton moves to dismiss Sweet's petition, asserting that the petition is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Dkts. 8, 9. Having considered Sweet's petition for writ of habeas corpus (Dkt. 1), Hamilton's motion to dismiss (Dkt. 8) and brief in support of the motion (Dkt. 9), Sweet's response in opposition to the motion (Dkt. 10), and applicable law, the Court concludes the petition is untimely. The Court therefore grants the motion and dismisses the petition.

I.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under 28 U.S.C. § 2254. The limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of which provision governs the commencement date, the

---

[3] In June 2020, the *McGirt* Court held that Congress has not disestablished the Muscogee (Creek) Nation Reservation and, as a result, certain crimes committed by Native American defendants must be prosecuted in federal court. 140 S. Ct. at 2474, 2479. Sweet purports to identify three separate grounds for habeas relief based on Oklahoma's alleged lack of jurisdiction. Dkt. 1, Pet. 5-9. But even liberally construing the petition, the Court discerns only a single claim challenging the State's exercise of criminal jurisdiction based on the *McGirt* Court's conclusion that the Muscogee (Creek) Nation Reservation has not been disestablished. *Id.*

limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But a properly filed application for postconviction relief or other collateral review tolls the limitation period only if it is filed before the one-year limitation period expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Because the AEDPA's one-year limitation period is not jurisdictional, federal courts may, in some circumstances, toll the limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).[4] To obtain equitable tolling, the petitioner must identify specific facts showing both (1) that the petitioner acted with reasonable diligence in pursuing federal claims challenging a state-court judgment and (2) that extraordinary circumstances prevented the petitioner from filing a timely federal habeas petition seeking relief as to those claims. *Holland*, 560 U.S. at 649; *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

## II.

In support of his motion to dismiss the petition, Hamilton contends (1) the petition is untimely under § 2244(d)(1)(A), (2) Sweet has not shown that the petition is timely under any other provision of § 2244(d)(1), and (3) Sweet has not shown that his circumstances warrant equitable tolling. Dkt. 9, Resp't's Br. 1-11.

Sweet urges the Court to deny the motion to dismiss for two reasons. First, he contends that he can challenge the absence of jurisdiction in the convicting court "any time" because a claim

---

[4] Federal courts also may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Even under the rule of liberal construction, the Court does not read Sweet's petition or response as asserting a credible actual-innocence claim.

challenging that court's jurisdiction "can never be waived." Dkt. 1, Pet. 13-14; Dkt. 10, Resp. 3. Second, he contends the petition is timely because he filed it within one year of the *McGirt* decision and his "claim became ripe after" *McGirt* was decided. Dkt. 1, Pet. 6, 13-14.

For several reasons, the Court rejects Sweet's arguments and agrees with Hamilton that the statute of limitations bars relief.

**A.**

First, the petition is not timely under § 2244(d)(1)(A). The parties agree that Sweet challenges a state-court judgment entered against him on November 21, 2017, and that Sweet did not seek direct review of this judgment. Dkt. 1, Pet. 1-2; Dkt. 9, Resp't's Br. 1-2. Because Sweet's convictions resulted from a guilty plea, Sweet had 10 days from the date of his sentencing to file a motion to withdraw his plea if he intended to seek direct review of his judgment by filing a *certiorari* appeal in the Oklahoma Court of Criminal Appeals. *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing Oklahoma law); *Elmore v. State*, 624 P.2d 78, 80 (Okla. Crim. App. 1981) (noting that a defendant must file a motion to withdraw a guilty plea within 10 days of the sentencing hearing). Because he did not move to withdraw his plea, Sweet's judgment became final on December 1, 2017, the last day that he could have filed a motion to withdraw his plea. His one-year limitation period for filing a federal habeas petition commenced the next day, December 2, 2017, and, absent any tolling events, expired on December 3, 2018.[5] *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing computation of one-year limitation period).

As Hamilton argues, this one-year limitation period cannot be extended through statutory

---

[5] This one-year limitation period would have expired on December 2, 2018, a Sunday. Sweet thus would have had until the following Monday, December 3, 2018, to file a timely federal habeas petition. Fed. R. Civ. P. 6(a)(1)(C).

4

tolling because Sweet did not file any applications for postconviction relief or other collateral review in state court until March 2019, after his one-year limitation period under § 2244(d)(1)(A) expired. Dkt. 1, Pet. 1-3; Dkt. 9, Resp't's Br. 1-3; Dkt. 9-1 (state court docket sheet); *Clark*, 468 F.3d at 714. And equitable tolling of this one-year limitation period is not warranted because Sweet does not identify any facts showing that he diligently pursued his claim that the State could not prosecute him for crimes committed in Indian country or that extraordinary circumstances prevented him from filing a federal habeas petition before the limitation period expired on December 3, 2018. *Holland*, 560 U.S. at 649; *Gibson*, 232 F.3d at 808. As a result, the petition, filed December 30, 2021, is untimely under § 2244(d)(1)(A).

### B.

Second, Sweet has not shown that his one-year limitation period commenced at any date later than December 2, 2017, under any other provision of § 2244(d)(1). Liberally construing the petition, Sweet appears to assert that his one-year limitation period began at some later date under either § 2244(d)(1)(C) or (d)(1)(D). The Court disagrees.

First, Sweet appears to argue the petition is timely under § 2244(d)(1)(C) because, with the benefit of statutory tolling for the time he spent presenting his claim in state court, he filed the petition within one year of the *McGirt* decision. Under this provision the one-year limitation period begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). But § 2244(d)(1)(C) does not apply because the *McGirt* Court did not recognize any new constitutional rights relative to a state's exercise of criminal jurisdiction over crimes committed in Indian country. *Pacheco v. El Habti*, ___ F.4th ___, No. 20-7002, 2022 WL 4242131, at *8 (10th Cir.

5

Sept. 15, 2022); *Rowbotham v. Nunn*, No. 22-CV-0011-JFH-SH, 2022 WL 1523195, at *2 (N.D. Okla. May 13, 2022).

Second, Sweet's argument that his claim did not become "ripe" until *McGirt* was decided may be an attempt to assert that the petition is timely under § 2244(d)(1)(D). When that provision applies, a petition is timely if it is filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). But Sweet's claim relies on one factual allegation that he should have known when he was prosecuted—that he is Native American—and one factual allegation that he could have discovered through the exercise of reasonable diligence—that he committed his crimes within the historical boundaries of the Muscogee (Creek) Nation Reservation. *See Johnson v. Louthan*, No. 22-5064, 2022 WL 4857114, at * 3 (10th Cir. Oct. 4, 2022) (unpublished)[6] (rejecting petitioner's argument that his Indian-country jurisdictional claim could be timely under § 2244(d)(1)(D) and reasoning, in part, that a reasonably diligent petitioner could have discovered the factual predicate of the claim before the *McGirt* decision because "the absence of an Act of Congress disestablishing the Creek reservation has been known in this circuit since 2017"); *Mitchell v. Nunn*, ___ F. Supp. 3d ___, No. 21-CV-0442-GKF-CDL, 2022 WL 1272013, at *6 (N.D. Okla. April 28, 2022) (rejecting petitioner's argument that *McGirt* and post-*McGirt* state court decisions provided factual predicate for claim challenging convicting court's jurisdiction over crime committed in Indian country and made that claim timely under § 2244(d)(1)(D) when facts of that case demonstrated that petitioner first asserted claim in state court in March 2017). Thus, to the extent Sweet argues his claim was not "ripe" until *McGirt* was decided in 2020, the

---

[6] The Court cites all unpublished decisions herein for their persuasive value. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Court rejects that argument. *See Mitchell*, 2022 WL 1272013, at *6 ("Indian-country jurisdictional claims did not spring into existence only after . . . *McGirt* [was] decided.").

Based on the foregoing, neither § 2244(d)(1)(C) nor (d)(1)(D) provide a later commencement date for Sweet. And, even liberally construed, Sweet's arguments do not appear to assert that the petition might be timely under § 2244(d)(1)(B). Thus, the only provision that applies is § 2244(d)(1)(A) and, as previously discussed, the petition is untimely under that provision.

## C.

Third, Sweet has not shown that the petition should be deemed timely for equitable reasons. Even with the benefit of liberal construction, it is not reasonable to read the petition or the response as identifying any specific facts showing that Sweet diligently pursued his claim or that any extraordinary circumstances barred him from asserting that claim within one year of the date his judgment became final. Thus, he does not even appear to seek equitable tolling of the one-year limitation period. Rather, Sweet's primary argument regarding the timeliness of his petition is that his claim challenges the convicting court's jurisdiction and, thus, can be raised at any time without regard to the applicable statute of limitations.[7] Dkt. 1, Pet. 13-14; Dkt. 10, Resp. 3. There is,

---

[7] Hamilton contends the claim implicates the State's prosecutorial authority and is not a claim challenging the trial court's subject-matter jurisdiction. Dkt. 9, Resp't's Br. 5 n.3. Even assuming Hamilton is correct, this is a distinction without a difference. For purposes of federal habeas review, a claim alleging that the State improperly exercised criminal jurisdiction is a claim that the State violated the petitioner's constitutional right to due process. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("The issue of whether the state court properly exercised jurisdiction over [the petitioner] is an important federal constitutional question which [the petitioner] has diligently endeavored to bring before the federal court. Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."). Thus, regardless of how Sweet's claim is characterized, it is a claim subject to the one-year statute of limitations that applies to all federal claims asserted by state prisoners who seek relief under § 2254.

however, no legal support for this argument. *See Pacheco*, 2022 WL 424131, at *7 ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); *Murrell v. Crow*, 793 F. App'x 675, 678-79 (10th Cir. 2019) (unpublished) (rejecting habeas petitioner's argument "that because a litigant can generally challenge a court's subject-matter jurisdiction at any time, § 2244(d)(1) does not apply to his claim that the trial court lacked jurisdiction to accept his plea" and "reasoning that "the jurisdictional nature of [the petitioner's] due-process claim" did not bar dismissal of that claim as untimely); *Rowbotham*, 2022 WL 1523195, at *2 ("Congress did not create, and *McGirt* did not suggest that there would be, an exception to the one-year statute of limitations for claims alleging an absence of jurisdiction in the conviction court"); *Cole v. Pettigrew*, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, at *2-3 (N.D. Okla. Apr. 19, 2021) (unpublished) (explaining that "the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction"). In short, and contrary to Sweet's apparent position, a claim challenging the convicting court's jurisdiction is subject to the AEDPA's one-year statute of limitations. And Sweet has not shown that equity supports tolling that limitation period under the particular facts of his case.

### III.

For the reasons just discussed, the Court concludes that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to the claim asserted in the petition. The Court therefore grants Hamilton's motion to dismiss and dismisses Sweet's petition for writ of habeas corpus. The Court further concludes that the statute of limitations constitutes a plain procedural bar that precludes habeas relief in this case and the Court thus declines to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Casey Hamilton in place of Scott Nunn as party respondent.

2. The motion to dismiss (Dkt. 8) is **granted**.

3. The petition for writ of habeas corpus (Dkt. 1) is **dismissed with prejudice** as barred by the one-year statute of limitations.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 11th day of October 2022.

TERENCE C. KERN
United States District Judge